IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BOBBY LEE HARRISON )
)
        **Plaintiff,** )
)
    v. ) No. 06 C 4730
)
MR. HORAN, )
et al., )
)
        **Defendants.** )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiff Bobby Lee Harrison's ("Harrison") motion to reconsider and motions for leave to file an amended complaint. For the reasons stated below, we deny the motion to reconsider and deny the motion for leave to file an amended complaint.

## BACKGROUND

Harrison brought an action pursuant to 42 U.S.C. § 1983 ("Section 1983") against Defendants "Mr. Horan" ("Horan") and "Horan Interprise" ("Interprise"). Harrison alleged that on September 3, 2004, he entered Markam Food & Liquor, which is owned and operated by Horan. Harrison contended that while in the store, a

1

woman entered and accused Harrison of raping her on a prior occasion.  Harrison further alleged that Horan incited a private citizen in the store to inflict bodily injury upon Harrison due to the woman's rape accusation.  Harrison contended that the private citizen used a monkey wrench to severely beat Harrison, causing Harrison to lose consciousness.  Harrison alleged that he was taken to the hospital where he was treated for his injuries.  Harrison claimed that the incident has caused memory loss and serious headaches, which required numerous doctor visits.

On October 13, 2006, we dismissed the instant action for failure to state a claim upon which relief may be granted as to Harrison's Section 1983 claim and we declined to exercise supplemental subject matter jurisdiction over Harrison's underlying state law tort claim.  Additionally, since we dismissed Harrison's complaint, we dismissed as moot his motion for leave to proceed *in forma pauperis*, his motion for appointment of counsel filed on August 31, 2006, and his motion for appointment of counsel filed on October 2, 2006.  Harrison now requests that we allow him to file an amended complaint and that we reconsider our prior ruling.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 59(e) ("Rule 59(e)") permits parties to file, within ten days of the entry of a judgment, a motion to alter or amend the judgment. Fed. R. Civ. P. 59(e).  Rule 59(e) motions do not give a party the opportunity to rehash old arguments or to present new arguments or evidence "that could and should have been presented to the district court prior to the judgment." *Moro v. Shell*

*Oil Co.,* 91 F.3d 872, 876 (7th Cir.1996)(citing *LB Credit Corp. v. Resolution Trust Corp.,* 49 F.3d 1263, 1267 (7th Cir.1995)). Rather, for a Rule 59(e) motion, the movant "must clearly establish either a manifest error of law or fact or must present newly discovered evidence" in order to be successful. *LB Credit Corp.,* 49 F.3d at 1267 (quoting *Federal Deposit Ins. Corp. v. Meyer,* 781 F.2d 1260, 1268 (7th Cir.1986)). The decision of whether to grant or deny a motion brought pursuant to Rule 59(e) "is entrusted to the sound judgment of the district court. . . ." *In re Prince,* 85 F.3d 314, 324 (7th Cir.1996).

If a party does not file the motion for reconsideration within ten business days "after entry of judgment[, it] automatically becomes a Rule 60(b) motion." *Talano v. Northwestern Med. Faculty Found., Inc.,* 273 F.3d 757, 762 (7th Cir. 2001)(quoting *Hope v. United States*, 43 F.3d 1140, 1143 (7th Cir. 1994)); *U.S. v. Deutsch*, 981 F.2d 299, 301 (7th Cir. 1992)(holding that "motions to alter or amend a judgment served more than ten days after the entry of judgment are to be evaluated under Rule 60(b)"); Fed R. Civ. P. 6(a). Federal Rule of Civil Procedure 60(b) ("Rule 60(b)") provides:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any

3

> other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as provided in Title 28, U.S.C., § 1655, or to set aside a judgment for fraud upon the court. Writs of *coram nobis*, *coram vobis*, *audita querela*, and bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action.

Fed. R. Civ. P. 60(b). A court should grant a Rule 60(b) motion "only in exceptional circumstances" because "[r]elief under Rule 60(b) is an extraordinary remedy. . . ." *Talano,* 273 F.3d at 762 (quoting *Provident Sav. Bank v. Popovich*, 71 F.3d 696, 698 (7th Cir.1995)).

## DISCUSSION

I. Type of Motion

Harrison's motion to reconsider is unclear as to whether he is asking this court to reconsider this court's order on October 13, 2006 terminating the action, this court's order denying as moot his motion for appointment of counsel filed on August 31, 2006, or this court's order denying his motion for appointment of counsel filed on October 2, 2006. The pleadings of a *pro se* plaintiff are held to "less stringent standards than formal pleadings drafted by lawyers." *Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001)(citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Thus,

4

we liberally construe Harrison's motion as a motion to reconsider this court's order on October 13, 2006 dismissing the action, denying as moot his motion for appointment of counsel filed on August 31, 2006, and denying his motion for appointment of counsel filed on October 2, 2006.

II.  Rule 60(b) Motion to Reconsider

Harrison argues that he is "asking the court for reconsideration for enough time to fix [his] case" and contends that "the court acted wrong for dismission [sic] appointed for counsel."  (Mot. 1).  Harrison also argues that he "received documents from the criminal states [sic] attorney office that will help [him] to fix [his] case against Mr. Horan."  (Mot. 1).  However, Harrison has not shown that such evidence was unavailable to him prior filing his claim in federal court.  Additionally, the evidence continues to show that:  Horan is a private individual, that neither Horan nor "Interprise" acted under color of state law, and that it is appropriate for this court to decline to exercise jurisdiction over the state law tort claim.  A Rule 60(b) motion offers only a limited opportunity to parties to correct mistakes that occurred for some extraordinary reason.  Rule 60(b) does not afford a party an opportunity to undo every misstep it makes before a district court and take a second bite at the apple.  Therefore, we deny Harrison's motion for reconsideration.

III.  Rule 59(e) Motion to Reconsider

Additionally, even if the court were to consider Harrison's motion pursuant to

5

Rule 59(e), Harrison fails to argue in his motion for reconsideration any legal basis. As noted above, Harrison argues that he is "asking the court for reconsideration for enough time to fix [his] case" and contends that "the court acted wrong for dismission [sic] appointed for counsel." (Mot. 1). Harrison also argues that he "received documents from the criminal states [sic] attorney office that will help [him] to fix [his] case against Mr. Horan." (Mot. 1). However, to prevail under Rule 59(e) Harrison must "clearly establish either a manifest error of law or fact" and "must present newly discovered evidence." *LB Credit Corp.*, 49 F.3d at 1267. As noted above, the evidence shows that: Horan is a private individual, that neither Horan nor "Interprise" acted under color of state law, and that it is appropriate for this court to decline to exercise jurisdiction over the state law tort claim. Harrison further attempts to present new evidence from his criminal proceeding "that could and should have been presented to the district court prior to the judgment." *Moro*, 91 F.3d at 876 (citing *LB Credit Corp.*, 49 F.3d at 1267). As is indicated above, a party cannot use a Rule 59(e) motion as a vehicle to introduce evidence for the first time that could have been previously presented to the court. *Moro*, 91 F.3d at 876; *see also, e.g., Harrington v. City of Chicago*, 433 F.3d 542, 545-50 (7th Cir. 2006)(stating that "Rule 59(e) does not provide a vehicle for a party to undo its own procedural failures"). A motion for reconsideration is not a procedural mechanism for restarting a case in which there is a final judgment. Therefore, Harrison has failed to provide a basis for reconsideration and we deny the motion for reconsideration.

IV. Motions to Amend Complaint

This matter is also before the court on Harrison's two distinct and separate motions for leave to file an amended complaint filed on October 30, 2006 and December 15, 2006. However, we dismissed the instant action for failure to state a claim upon which relief may be granted as to Harrison's Section 1983 claim and declined to exercise supplemental subject matter jurisdiction for Harrison's underlying state law tort claim. Additionally, we have denied Harrison's motion to reconsider. Thus, Harrison's motions for leave to file an amended complaint are denied.

## CONCLUSION

Based on the foregoing analysis, we deny the motion to reconsider and deny the motions for leave to file an amended complaint.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: February 13, 2007